WALTER L. MEDHURST *vs.* HATTIE McCROHAN *et al.*

JUNE 28, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is an action in assumpsit to recover for services rendered by the plaintiff to the defendants under an alleged express joint and several contract.   The case was tried in the superior court, on appeal from the district court, and resulted in a verdict for the plaintiff for substantially the full amount of his claim, namely, $245.   The defendants' motion for a new trial was later denied by the trial justice, and the case is before us on the defendants' exceptions to this ruling and to the charge and other rulings of the trial justice during the trial.

The evidence shows that the plaintiff formerly worked as chauffeur, secretary and general utility man for Anna Dio, who died intestate June 1, 1934.   The plaintiff's work, during her lifetime, included the management and care of her property, real and personal, for which he was paid $30 per week.   The defendants are two of five heirs of the deceased.   On June 8, 1934, one week after her death, they met the plaintiff at the office of his attorney and one of them signed a petition for appointment of the plaintiff as administrator of the estate of Anna Dio.   The plaintiff testified that the following conversation then and there took place with reference to his continuing, as before, to care for the

property pending the appointment of an administrator: Q. "Now will you tell us what was said with reference to the care of this property pending the appointment of an administrator?" A. "Well, it was said that there should be someone to take care of the property, both places, on account of—especially at Quonset—in regards to places might be broken into, thievery,—there is more or less going on at those summer places, of course,—and also the house at Elmwood; and Mrs. McCrohan asked me what Mrs. Dio was paying me and I told her $30 a week. Mrs. Thiesing says, 'Well, that is $5 a day,' and Mrs. McCrohan says, 'Well, that is agreeable' * * *." The above statements of the defendants were corroborated by the plaintiff's attorney.

No testimony of any express language used by the defendants or either of them appears in the transcript excepting what is quoted above from the evidence. Both the plaintiff and his attorney, however, testified by way of conclusion, without stating the exact language of the defendants or either of them, that "they decided" and "both agreed" to pay the plaintiff for his services at the rate of $5 per day until an administrator was appointed. The defendants, however, strongly denied the making of any such agreement as alleged.

Apparently, some forty-nine days thereafter, which the plaintiff testified was much longer than originally expected, another person was appointed administrator of the estate of Anna Dio and the plaintiff was relieved of further work. The plaintiff first filed a claim against and attempted to recover from the estate of Anna Dio; but this case was decided in the district court for the defendant administrator, without prejudice. Thereupon this new action was begun solely against the two defendants here.

The defendants make three principal contentions; first, that it was error for the trial court to admit testimony of the plaintiff as to value of his services upon a *quantum meruit;* second, it was error for the trial court to deny the

defendants' motion for a directed verdict; and third, it was error for the trial court to charge that the plaintiff could recover on the *quantum meruit* against the defendants and that, upon an implied contract, the measure of value of the services would be two-fifths of the value that those services conferred on the whole estate of Anna Dio.

We do not agree with the defendants' first contention. The declaration contained a special count, based upon an express joint and several contract allegedly made by the defendants, and also a count upon the *quantum meruit* under the common counts. The defendants by their answer in the district court joined issue on *both* counts. No other pleadings were filed in the superior court. Therefore, any evidence, not otherwise incompetent, of the reasonable value of the plaintiff's services, was admissible under the *quantum meruit*.

The defendants secondly contend that there was no legal evidence to support the first count of the declaration, based upon the express joint and several agreement as alleged, and that the trial justice erred in refusing to grant their motion for a directed verdict. We have examined the evidence and, while it falls short of establishing an express joint and several contract as alleged in the special count, it nevertheless is sufficient, if believed, to support a finding of at least an implied joint contract under the common counts. Under such circumstances, the trial justice was not wholly in error in refusing to direct a verdict in favor of the defendants; but he was in error in submitting the case to the jury upon a charge covering *both* counts.

By his failure to charge properly so that the special count would not be considered, when the evidence did not legally support the express joint and several agreement as alleged, the jury was misled and confused. This is apparent from certain language in the rescript of the trial justice, denying the defendants' motion for a new trial, which states: "Therefore, the Court, under the evidence adduced, must sustain

the jury's verdict that a contract was entered into by the parties . . . The Court is also inclined to agree with the defendants that $245 is rather a high price to pay for the services of the plaintiff as he enumerated them, *but we have not before us the question of the value of those services, as on a quantum meruit;* we have a contract with definite terms of payment set out in it and the defendants, once the contract has been shown to exist, must abide by the bargain that was made, regardless of whether or not it later turned out that the services were worth less than estimated." (italics ours.)

From a consideration of the whole rescript and the evidence, we are led to the conclusion that the verdict of the jury was based upon the finding that the defendants expressly and jointly and severally agreed to pay the plaintiff the definite sum of $5 per day for the services he rendered. Since the special count based upon such an agreement should not have been submitted to the jury for consideration, in the absence of evidence to legally support it, it follows that the verdict is contrary to the evidence.

Nor is it possible, in view of the charge of the court, to support the verdict under the *quantum meruit* upon the basis of an implied contract. As the rescript indicates, the *quantum meruit* received little or no consideration; and secondly, a verdict in the *full* amount under the *quantum meruit* would have been contrary to the instruction of the court, which charged that "Now, on the angle as to the implied contract, if Mr. Medhurst proves that claim, and these services that were rendered were services which were of benefit to all the heirs, of course he cannot charge these two people with services which are beneficial to other people too; he can charge them only with their proportionate share of whatever the value of those services is. . . . , on the angle of an implied contract, if that is proved by Mr. Medhurst, he would be entitled, in so far as these two people are concerned, to receive only two-fifths of whatever the value of

all those services was which were rendered generally for all the heirs." This charge is erroneous, since the defendants here are liable for the full amount upon their own contract, if one be found, regardless of the fact that others who were not parties to the agreement, may have received incidental benefits. But it was the law of the case, binding upon the jury, and a finding of an implied contract and a verdict in the full amount under the *quantum meruit* would have been contrary to the law as charged.

Under the circumstances these errors and the resulting confusion to the jury make it advisable that the case be properly submitted to another jury upon suitable instructions.

The defendants' exception to the refusal of the trial justice to grant their motion for a new trial is sustained and the case is remitted to the superior court for a new trial.

*Fergus J. McOsker,* for plaintiff.

*Daniel A. Colton,* for defendants.